IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMASA RODRIGUEZ, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| ALLSTATE TEXAS LLOYD'S, | § § § | |
| *Defendant.* | § § | |

**ALLSTATE TEXAS LLOYD'S
NOTICE OF REMOVAL**

Allstate Texas Lloyd's ("Allstate") timely files this Notice of Removal, pursuant to 28 U.S.C. Sections 1441(a), 1446(b), and 1332(a), removing this action from the 188th Judicial District Court of Gregg County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division.  In support thereof, Allstate shows the Court as follows:

**I.     Background**

1.     On or about January 19, 2022, Plaintiff allegedly sustained property damages arising from a wind/hailstorm (the "storm"), which Plaintiff alleges is covered in an insurance policy that Plaintiff had with Allstate.[1] Plaintiff further alleges that Allstate "set about to deny and or underpay on properly covered damages."[2]  Plaintiff alleges that Allstate "failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy."[3]

2.     On February 10, 2023, Plaintiff served Defendant with the lawsuit styled *Tomasa Rodriguez v. Allstate Texas Lloyd's* via process server through Defendant's registered agent, in which Plaintiff seeks to recover from Allstate for all damages arising from the alleged storm

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 7 through 12.
[2] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 16.
[3] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 19.

damage pursuant to a policy of insurance issued by Allstate.[4]  Therein, Plaintiff asserts causes of action against Allstate for breach of contract; violation of section of the Texas Insurance Code; fraud; violations of the Texas Deceptive Trade Practices Act; and breach of the duty of good faith and fair dealing.[5]

3.      Plaintiff pleads for monetary relief "of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."[6]

## II.     Grounds for Removal

4.      This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446 because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.  Parties are Diverse**

    i.      Plaintiff's Citizenship

5.      Plaintiff is a natural person who owns property and resides in Texas, thus demonstrating that Plaintiff is domiciled in the state of Texas.[7] Plaintiff has not pleaded or alleged citizenship of any state other than Texas. Thus, Plaintiff is believed to be a citizen of Texas because "for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled."[8]

---

[4] *See generally,* Exhibit B-1 Plaintiff's Original Petition.
[5] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraphs 32 through 70.
[6] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 4.
[7] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 2.
[8] *O'Neal v. DePuy Synthes Sales, Inc.,* No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019), *citing Wachovia Bank v. Schmidt,* 126 S. Ct. 941, 951 (2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 451 (5th Cir. 2003).

   ii.  <u>Allstate's Citizenship</u>

6. Defendant Allstate Texas Lloyd's is an Illinois unincorporated association. Citizenship of an unincorporated association is determined by the citizenship of its members. For the purposes of determining citizenship of a Lloyd's organization, the court must look to the citizenship of the Lloyd members. Defendant Allstate Texas Lloyd's is an association of individual underwriters, authorized to conduct business in the State of Texas as a "Lloyd's Plan" insurer under the Texas Insurance Code. The underwriters are residents and citizens of the State of Illinois. Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

**B. Amount in Controversy**

7. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[9] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[10]

8. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[11]

   i.  <u>It is facially apparent from the petition that the claim likely exceeds $75,000.00</u>

---

[9] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[10] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[11] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

9. Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs' pleading seeks damages of monetary relief "of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."[12]  Thus, this matter exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.  However, even if it is determined that is not facially apparent from the petition that Plaintiffs' claim likely exceeds $75,000.00, the facts in controversy support a finding that Plaintiffs' claim likely exceeds that amount.

  ii. <u>Evidence of the amount in controversy support a finding that the claim exceeds $75,000.00.</u>

13. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages."[13]

14. Here, Plaintiff's petition seeks the following categories of damages:

- Actual damages;
- Policy benefits;
- Interest;
- Consequential damages;
- Treble damages;
- Statutory damages;
- Exemplary damages;
- Mental anguish;

---

[12] Rule 47 requires one of the following claims for relief:
(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses; prejudgment interest, and attorney fees; or
(2) monetary relief of $100,000 but not more than $200,000; or
(3) monetary relief over $200,000 but not more than $1,000,000; or
(4) monetary relief over $1,000,000
*See* Tex. R. C. P. 47; *and* <u>Exhibit B-1,</u> Plaintiffs' Original Petition, Paragraph 6.
[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiffs case against his insurance company).

- Costs;

- Attorney's fees; and

- Interest.[14]

15. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than $75,000.[15]

16. In addition to the foregoing, Plaintiff's insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg* defined the "object of the litigation" as the "value of the right to be protected."[16] In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim."[17]

17. The subject homeowner's policy forms the contractual basis for Plaintiff's breach of contract claim.[18] The policy provides that the limits of coverage to Plaintiff's property at issue are $137,000.00 in dwelling protection; $13,700.00 in other structures protection; and $78,320.00 in personal property protection for a total of $229,020.00 in total policy coverages.[19]

---

[14] *See* Exhibit B-1, Plaintiff's Original Petition, Prayer.
[15] *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the Plaintiffs' claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).
[16] 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).
[17] 293 F.3d 908, 911 (5th Cir. 2000).
[18] *See generally,* Exhibit B-1, Plaintiff's Original Petition.
[19] *See* Exhibit C, Policy Declarations Sheet.

18.    The limits for the insured property implicate an amount in controversy above the jurisdictional threshold. That is, it is the policy that serves as the basis of Plaintiff's breach of contract claim.[20] Accordingly, Plaintiff's breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

19.    Further, Plaintiff's own demand letter (the "Demand") implicates an amount in controversy that exceeds $75,000.00. Plaintiff's Demand dated October 14, 2022, states that if Defendant failed to resolve the claim pre-suit, the new demand *after suit* would be $174,296.55.[21]  Plaintiff indicated that this new demand would include damages for bad faith, violations of the insurance code as well as attorney fees and interest.  Thus, Plaintiff's own Demand, now that we are in suit, clearly shows that the amount in controversy in this matter is likely to exceed $75,000.00.

20.    Taking into consideration Plaintiffs' pleading, the categories of damages asserted, the policy limits applicable to this specific occurrence, Plaintiffs' demand and the contractual and extra-contractual damages claimed by Plaintiffs, it is clear that the amount in controversy exceeds $75,000.00.

### III.    Grounds for Removal

21.    This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[22]

22.    Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Gregg County, Texas, the venue where this suit was initiated. [23]

---

[20] *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiffs breach of contract claim facially implicated the limits of the policy).
[21] *See* Exhibit D, Plaintiff's Statutory Demand Letter.
[22] *See* 28 U.S.C. §1446(b)(l), and Exhibit B-2, Transmittal of Citation dated 02/10/2023
[23] *See* generally, Exhibit B-1, Plaintiff's Original Petition.

23.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto. [24]

24.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Gregg County.

## IV.     Prayer

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company hereby removes the above-captioned matter, now pending in the 188th Judicial District Court of Gregg County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division.

Respectfully submitted,

By:   */s/Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
rhiggins@thompsoncoe.com
Tiffany A. Au
State Bar No. 24075842
tau@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile:(214) 871-8209

**ATTORNEYS FOR DEFENDANT**

---

[24] *See* Exhibit B – Exhibit B-4.

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 10th day of March 2023:

David M. Buergler
dbuergler@hodgefirm.com
Shaun W. Hodge
shodge@hodgefirm.com
The Hodge Law Firm, PLLC
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEYS FOR PLAINTIFF**

*/s/ Tiffany A. Au*
Tiffany A. Au